UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>MARK STANLEY SWIATOWIEC, SR.,<br><br>    DEBTOR | CASE NO. 11-21558 (ASD)<br><br>CHAPTER 7 |
| MARK STANLEY SWIATOWIEC, SR.,<br><br>    PLAINTIFF,<br>v.<br><br>CHERYL ANN SWIATOWIEC,<br><br>    DEFENDANT | ADV. PRO. NO. 11-2074<br><br>RE: ECF NO. 1 |

APPEARANCES

Anthony S. Novak, Esq.　　　　　　　　　　　　Counsel for Debtor-Plaintiff
Novak Law Office, P.C.
280 Adams Street
Manchester, CT 06042-1975

Brian E. Kaligian, Esq.　　　　　　　　　　　　Counsel for Defendant
233 Boston Post Road
Orange, CT 06477

**BRIEF MEMORANDUM OF DECISION**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

### I.　　INTRODUCTION

Through the captioned adversary proceeding, Mark Stanley Swiatowiec, Sr. (hereinafter, the "Debtor") requests the Court to determine that certain monetary obligations to his former wife Cheryl Ann Swiatowiec (hereinafter, the "Defendant") incurred in the course of their divorce as set forth a separation agreement, later modified by a

stipulation, are debts subject to the Discharge he received in Bankruptcy Case No 11-21558. The Court held a hearing on May 20, 2014 (hereinafter, the "Hearing") during which the parties presented both testimonial and documentary evidence. Following the Hearing, the parties filed briefs with their proposed findings of fact and conclusions of law. ECF Nos. 57 & 58.

For the reasons set forth hereinafter, the Court finds the obligations at issue nondischargeable pursuant to Bankruptcy Code Section 523(a)(15).

## II.   JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III.   BACKGROUND

The Debtor and the Defendant were divorced on November 20, 2009. At that time they executed and filed with the Connecticut Superior Court (hereinafter, the "State Court") a Separation Agreement, received in evidence at the Hearing as Plaintiff's Exhibit A. The Separation Agreement included, *inter alia*, the following terms:

- neither party would pay or receive alimony;
- the Debtor would transfer his interest in the family residence to the Defendant;
- the Debtor would continue to own two parcels of real property in Newington,

    Connecticut (hereinafter, the "Newington Properties");

- the Defendant, who had been sole owner of the family business, would transfer ownership of the business to the Debtor or his designee;

- the Debtor would pay the Defendant "for her interest in the business and assets retained by the [Debtor], as an equitable property distribution," the sum of $250,000,[1] Separation Agreement, at pp. 10-11; and

- to secure payment of such sum, the Debtor would give the Defendant a mortgage on one of the Newington Properties and a security interest in the business equipment.

The Defendant subsequently filed a motion for contempt in the State Court to compel the Debtor to comply with the terms of the Separation Agreement. To resolve such contempt proceedings, the parties, on October 7, 2010, entered into and filed with the State Court a document entitled *Post Judgment Stipulation* (hereinafter, the "Stipulation"), received in evidence at the Hearing as Plaintiff's Exhibit B, which, *inter alia,* extended the payment schedule to provide for ten annual installments of $25,000 each (plus interest)[2], *see* Stipulation, ¶ 4, and stated that, "[a]ll other orders shall remain in full force and effect pursuant to the Separation Agreement." Stipulation, ¶ 11.

On November 1, 2010, the Defendant transferred her ownership of the business to the parties' daughter Ashley as the Debtor's designee. The Debtor made the first $25,000 payment to the Defendant.

---

[1] Payable in six installments as follows: two installments of $30,000 each payable on June 30, 2010 and 2011; three installments of $50,000 each on June 30, 2012, 2013, and 2014; and a final installment of $40,000 on June 30, 2015.

[2] Less $9,000 paid prior to the date of the Stipulation.

The Debtor, on May 25, 2011, commenced the captioned Chapter 7 bankruptcy case and, on October 26, 2011 received a discharge therein (hereinafter the "Discharge"). ECF No. 45. On September 1, 2011, the Debtor commenced the captioned adversary proceeding to determine the dischargeability of his obligations to the Defendant under the Separation Agreement, as modified by the Stipulation.

## IV.    DISCUSSION

The portions of §523(a) that pertain to debts arising out of divorce proceedings state, in relevant part:

> (a)    A discharge under section 727 . . . does not discharge an individual debtor from any debt --
> . . .
> (5)    for a domestic support obligation;
> . . .
> (15)    to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . .;

The Defendant does not contend that the debt at issue is a "domestic support obligation," defined in §101(14A) and excepted from discharge under §523(a)(5). The issue in this proceeding therefore is limited to whether the subject debt is nondischargeable under §523(a)(15).

The Settlement Agreement and Stipulation provide *prima facie* evidence that debt at issue in this proceeding was "incurred by the debtor in the course of a divorce . . . or in connection with a separation agreement," sufficient to bring it within the scope of the discharge exception of §523(a)(15). That the terms of the Separation Agreement were modified by the Stipulation to extend the payment period from six to ten years after entry

4

of the divorce decree does not change the nature of the underlying obligation as one incurred in the course of a divorce.

The Debtor has presented no evidence to refute the plain language of the Separation Agreement and the Stipulation, nor has he produced statutory or case law to support his position that, notwithstanding such documents, the obligation at issue should be considered a dischargeable debt arising from breach of an ordinary contract for the purchase and sale of a business, rather than a nondischargeable debt that arose under an equitable distribution of property agreement in a divorce proceeding.

## V. CONCLUSION

In accordance with the foregoing discussion, the Court finds that the Debtor's monetary obligations to the Defendant, as set forth in the Separation Agreement and Stipulation, being debts to a former spouse incurred by the Debtor in the course of a divorce, are excepted from the Debtor's Discharge under §523(a)(15). The Debtor's arguments concerning the interpretation or enforceability of such obligations do not affect the nondischargeability thereof and can be resolved in the State Court under applicable non-bankruptcy law.

A Judgment to this effect enters simultaneously herewith.

Dated: March 3, 2015                                            BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge